# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**CHERYL BARRETT**                                                                      **PLAINTIFF**

**V.**                                                                               **NO. 4:17-CV-7-DMB-RP**

**PDP UNLIMITED, INC.; ROBERT L.
NEWBY; and JOHN DOES A, B AND C**                                                **DEFENDANTS**


## ORDER

On April 16, 2019, proposed intervenor Campbell DeLong, LLP, filed a motion to seal certain "pre-bills" associated with its representation of its former client, Cheryl Barrett, which are attached as exhibits to its motion to intervene. Doc. #89. Campbell DeLong asserts that "[t]hese pre-bills contain descriptive entries of time and expense posted on Barrett's account by legal professionals and, necessarily, *may* contain matters protected under the work product doctrine and attorney-client privilege and should be sealed from access by the public and the defendants' counsel." *Id.* at 2 (emphasis added). In its accompanying memorandum, Campbell DeLong acknowledges that case law does not support its arguments regarding privilege but asserts the documents should be sealed "out of abundance of caution, until Barrett has had an opportunity to weigh in on the issue …." Doc. #90 at 2–3. Barrett has not responded to the motion.

"A district court has supervisory authority over its records …." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). While a court may seal such records, "[i]ts decision must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." *Id.* (quotation marks omitted). Thus, when considering a motion to seal, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

While Campbell DeLong asserts the pre-bills "may" include privileged information, the firm offers no specific argument on this point. *See* Doc. #90 at 2. To the contrary, Campbell DeLong recognizes that the Fifth Circuit has embraced a "rule that matters involving the payment of attorney's fees are not generally privileged." *Id*. (quoting *In re Grand Jury Subpoena*, 913 F.2d 1118, 1123 (5th Cir. 1990)) (alterations omitted). Barrett did not respond to the motion, much less assert any privilege as to any of the documents. In the absence of any interest favoring nondisclosure, the motion to seal [89] is **DENIED**.

**SO ORDERED**, this 4th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**