# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHERYL BARRETT**                                                                                **PLAINTIFF**

**V.**                                                                                                            **NO. 4:17-CV-7-DMB-RP**

**PDP UNLIMITED, INC.; ROBERT L.
NEWBY; and JOHN DOES A, B AND C**                                   **DEFENDANTS**

## ORDER

Before the Court is Campbell DeLong, LLP's motion to intervene. Doc. #91.

## I
## Procedural History

On April 4, 2019, this Court closed this case after being notified of a settlement between Cheryl Barrett and the defendants. Doc. #88. On April 16, 2019, Barrett's former law firm in the case, Campbell DeLong, LLP, filed a motion to intervene under Federal Rule of Civil Procedure 24. Doc. #91. Campbell DeLong seeks to align itself as a plaintiff "with a claim against co-Plaintiff Barrett as to the amount of the attorney's fees owed, and a direct claim against Defendants for imposition of a lien over the settlement proceeds." Doc. #99 at 5. Campbell DeLong's proposed intervenor complaint asserts that "[t]his Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1367 as Campbell DeLong, which aligns itself with the Plaintiff for purposes of intervention, meets the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332(a)." Doc. #91-13 at ¶ 5.

Rather than rule immediately on the motion to intervene and related motions,[1] the parties and Campbell DeLong were directed to participate in a settlement conference to resolve the

---

[1] Barrett and the defendants each filed motions to enforce the settlement. Docs. #96, #102.

outstanding issues. Doc. #111. The settlement conference was held July 31, 2019, with no resolution reached. Doc. #112. Approximately a month later, Barrett and the defendants stipulated to the dismissal of this action. Doc. #113.

## II
## Impact of Stipulation

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to stipulate to dismissal of an action so long as the stipulation is signed by all parties who have appeared. Proposed intervenors are not parties within the meaning of Rule 41. *In re Irish Bank Resolution Corp. Ltd.*, No. 13-12159, 2014 WL 1884916, at *3 & n.10 (Bankr. D. Del. May 12, 2014) (collecting cases). Ordinarily a stipulation of dismissal pursuant to Rule 41 moots a pending motion to intervene. *Eli Lilly & Co. v. Synthon Labs., Inc.*, 538 F. Supp. 2d 944, 947 (E.D. Va. 2008). However, "[t]here may … be circumstances where an intervenor could and should be treated as a *de facto* party and the Court might invoke equitable principles to estop the stipulating parties from invoking a rule which would prejudice the rights of a party whose motion to intervene is pending." *Id*. at 946 (emphasis in original).

Equitable relief is appropriate where, as here, a proposed-intervenor agrees to delay disposition of its motion in order to participate in settlement discussions. *Fleet Capital Corp. v. Merco Joint Venture, LLC*, No. 02-cv-0279, 2002 WL 31528633, at *3 (E.D.N.Y. Sep. 3, 2002). Under such circumstances, it is appropriate to estop the normal immediate effect of a stipulated dismissal, pending resolution of the motion to intervene. *Id*. Accordingly, the Court will address the merits of Campbell DeLong's motion to intervene.

## III
## Analysis

As explained above, Campbell DeLong moves to intervene as of right under Rule 24, and

to assert claims under this Court's supplemental jurisdiction. Doc. #91 at ¶ 5. To intervene as of right, a plaintiff "must demonstrate that (1) it timely applied; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability to protect its interest; and (4) it is inadequately represented by the existing parties." *Adam Joseph Res. v. CAN Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019). While Campbell DeLong seeks to assert claims against both Barrett and the defendants, it only addresses the intervention requirements with respect to the claim against Barrett for attorney's fees. *See* Doc. #92 at 7–8. Accordingly, the Court considers intervention only with respect to this claim.

> 28 U.S.C. § 1367, the supplemental jurisdiction statute, provides in relevant part:
>
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Notably, the statute withdraws from supplemental jurisdiction "claims by persons … seeking to intervene as plaintiffs under Rule 24 … when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

Section 1332, the diversity jurisdiction statute, requires both complete diversity and an amount in controversy in excess of $75,000. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183

(5th Cir. 2018). Complete diversity requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019). Accordingly, § 1367(b) prevents an intervenor plaintiff from asserting a crossclaim against a non-diverse co-plaintiff. *See Yorkshire P'ship, Ltd. v. Pacific Capital Partners*, 154 F.R.D. 141, 142 (M.D. La. 1993) (intervention inappropriate where proposed Rule 24 intervenor-plaintiff sought to sue all parties, including non-diverse "plaintiff in the main action"); *Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 528 (E.D. Mich. 2004) ("[B]ecause BCBSM has intervened in this action as a plaintiff under Rule 24, its cross-claim against the original Plaintiffs seemingly runs afoul of the exclusionary language of § 1367(b) …."). When a proposed intervenor complaint's jurisdiction is premised on § 1367 but runs afoul of § 1367(b)'s exclusionary provision, a court must deny the motion to intervene. *Radchyshyn v. Allstate Indem. Co.*, 311 F.R.D. 156, 161 (W.D.N.C. 2015). Assuming without deciding that Campbell DeLong has satisfied Rule 24's intervention requirements with regard to the quantum meruit claim, its motion to intervene must be denied because the firm, a Mississippi citizen, seeks to intervene as a plaintiff under Rule 24, and to assert a crossclaim under § 1367 against Barrett, another Mississippi citizen.[2]

IV
Conclusion

For the reasons above, Campbell DeLong's motion to intervene [91] is **DENIED** on the grounds asserted in the motion.

**SO ORDERED**, this 4th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] As stated above, Campbell DeLong substantively addressed the intervention requirements only as to the claim against Barrett for attorney's fees. To the extent it believes it is entitled to intervene to assert only a lien claim against the defendants regarding the settlement proceeds, it may renew its request for such relief.